UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANTONIO RAMIREZ PEREZ, | No. 1:26-cv-00277-DJC-CKD |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 4-1)) seeking reinstatement of a bond order previously issued by an Immigration Judge.

Petitioner entered the country without inspection in April 2023. (Mot. (ECF No. 4-1) at 3.) He applied for asylum on May 1, 2023, with the assistance of a friend. (*Id.*) Petitioner asserts the friend erroneously listed the wrong address for Petitioner. (*Id.*) Petitioner moved addresses shortly after filing this application and did not inform the Government of his new address. (*Id.*) Due to this mix-up, Petitioner asserts he did not receive notice of his asylum interview as well as two subsequent Notices to Appear and failed to appear for that reason. (*Id.* at 3–4.) Petitioner has provided this Court with some evidence indicating one of the Notices to Appear were sent to this incorrect address. (*See* Morales Decl. (ECF No. 1-1), Ex. A at 1.) The Department of

1

Homeland Security arrested and detained Petitioner on June 21, 2025, more than two years after he entered the country. (Mot. at 4.)

On September 4, 2025, Petitioner was provided a bond hearing before an Immigration Judge. (*See* Morales Decl., Ex. C.) At this hearing, the Immigration Judge granted Petitioner a $12,000 bond. (*Id.*; Mot. at 4.) The Government then filed a notice of automatic stay with the Board of Immigration Appeals ("BIA") such that Petitioner was unable to post bond. (*Id.* at 5.) The following day, the BIA issued a decision holding that noncitizens such as Petitioner are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and, therefore, ineligible for a bond hearing. (*See* Mot. at 5 (citing *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025)).) The Government then sought, and the Immigration Judge granted, a reversal of their prior decision granting bond in light of that BIA decision due to lack of jurisdiction. (*Id.*)

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025). For the reasons stated in those cases, Petitioner has established that he has a likelihood of success on the merits. As Petitioner has been present in the United States for over two years (Mot. at 3–4) he is correct that he does not qualify as an "applicant for admission" and thus cannot be detained under 8 U.S.C. § 1225(b)(2). *See Morillo*, 2025 WL 3707140, at *4. Thus, Petitioner is likely to succeed on the merits of his claim that he is entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

The Court declines, however, to reinstate the prior decision granting bond. The Court orders a bond hearing before an Immigration Judge as that is the process required by section 1226(a) and its implementing regulations, and Petitioner has presented no caselaw indicating another result is required at this stage. That said, the Court takes no position on whether failure to issue a decision on substantially similar

terms would violate some other provision of law, such as the Administrative Procedures Act.

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *see also Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). Respondents argue Petitioner's "long delay in seeking injunctive relief implies a lack of urgency and irreparable harm." (Opp'n (ECF No. 7) at 3 (internal quotation marks omitted).) Respondents are incorrect that a delay in seeking relief, let alone one of merely four months, renders detention less harmful or the need for relief less urgent. Detained individuals are harmed each additional day they are deprived of their liberty. Each day Petitioner is in custody, he continues to be separated from his newborn daughter. (*See* Mot. at 7.) Petitioner has thus established irreparable harm.

The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor. *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012); *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037 (N.D. Cal. 2025) ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering."). Because the Government cannot assert that it is harmed by application of the correct law, the Court finds "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday,* 320 F.3d 906, 919 (9th Cir. 2003). Thus, the Court concludes no security is required here.

Accordingly, as all of the *Winter* factors weigh in Petitioner's favor, IT IS HEREBY ORDERED that:

1. Petitioner's Motion for Temporary Restraining Order (ECF No. 4) is GRANTED.

2. Within seven (7) days of this Order, Petitioner shall be afforded a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered, and Petitioner may have his counsel present.

3. Respondents are ORDERED TO SHOW CAUSE on or before February 2, 2026, as to why this Court should not issue a preliminary injunction on the same terms as this Order.  The Respondents' failure to respond to the Order to Show Cause shall be construed as its non-opposition to the Court granting a Preliminary Injunction on the same terms and conditions imposed in this Order.  *See* L.R. 230(c).  On or before February 5, 2026, Petitioner may file a Reply, if any.  The Preliminary Injunction is not currently set for a hearing, but the Court may subsequently order one if it determines a hearing is necessary.

IT IS SO ORDERED.

Dated:  **January 24, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Perez26cv00277.tro

4