UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANTONIO RAMIREZ PEREZ, | No. 1:26-cv-00277-DJC-CKD |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner is a noncitizen who has been detained by Respondents pursuant to 8 U.S.C. § 1226(a) since June 2025.  (Pet. (ECF No. 1) ¶ 1.)  Section 1226(a) affords noncitizens a statutory right to a bond hearing before an immigration judge. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256 (W.D. Wash. 2025) (citing 8 C.F.R. § 1236.1(d)).  Petitioner initially received a bond hearing, and the Immigration Judge ordered Petitioner released on monetary bond in September 2025.  However, Petitioner was prevented from immediately posting bond because the Department of Homeland Security ("DHS") filed an automatic stay notice with the Board of Immigration Appeals ("BIA").  The next day, the BIA issued a decision holding that noncitizens who entered the United States without inspection, like Petitioner, are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and thus not entitled to a bond hearing.  Based on this decision, the Immigration Judge granted

1

DHS's motion to reconsider its prior order granting bond, solely on the basis that it had lacked jurisdiction to do so.

In January 2026, this Court determined that Petitioner was detained pursuant to 8 U.S.C § 1226(a).  The Court ordered Respondents to provide Petitioner with a "bond hearing before an Immigration Judge in accordance with that section and its implementing regulations and specified that "Petitioner may have his counsel present." (*See* Order (ECF No. 10) at 4.)

The next day, Petitioner's counsel submitted her entry of appearance in the bond proceedings before the Immigration Court.  (Reply (ECF 14) at 1.)  The following morning, Petitioner was told he was scheduled for a bond hearing that afternoon at 1:00 P.M.  (*Id.* at 2.)  Petitioner informed his counsel, who had not been notified of the hearing as their appearance was not accepted until 11:28 A.M. that day.  Once counsel's appearance was accepted, Petitioner's counsel was able to view the documents submitted by DHS opposing Petitioner's bond.  (*Id.*)  One such document was a nine-page report that DHS had not filed in Petitioner's previous bond proceedings.  (*Id.*)  This document details four encounters Petitioner had with law enforcement in other countries.  (*Id.* at 2 n.3.)

Petitioner appeared before an Immigration Judge that afternoon and was denied bond because Petitioner presents "[d]anger and flight risks."  (ECF No. 11-1 at 1.)  Petitioner's counsel represented Petitioner at the hearing and requested a short continuance to prepare for the bond hearing, but the Immigration Judge denied this request.  (Reply at 3.)  Petitioner now argues this bond hearing did not comply with this Court's prior order and due process because Petitioner's counsel was not provided sufficient notice to prepare for the bond hearing.

When reviewing an immigration judge's detention determination, the Court reviews mixed questions of fact and law under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024).  Under this standard, the Court "cannot reweigh evidence" but instead determines whether the Immigration Court

"applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)).  Thus, the Court's review is effectively limited to whether the immigration judge's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

Petitioner has not shown he is entitled to additional relief.  Petitioner argues his counsel did not receive adequate notice of the date and time of the hearing, which inflicted two harms.  First, Petitioner argues his counsel lacked sufficient time to review the new evidence submitted by the Government.  However, Petitioner has not shown this evidence affected the Immigration Judge's decision.  As Respondents highlight, the Immigration Judge did not rely on the newly filed reports in determining that Petitioner was a flight risk and danger to the community.  (*See* ECF No. 16 at 6; ECF No. 16-3 at 57–60.[1])  Rather, the Immigration Judge grounded their opinion on the factual finding that when DHS attempted to detain Petitioner, he struggled with DHS officials and attempted to escape.  (*Id.* at 58; *see also id.* at 55 ("Sir, I'm denying your bond because I think your behavior that day was dangerous, and I think it shows you are a risk of flight.").)  Nowhere in the decision does the Immigration Judge reference the new report or the facts contained therein.  (*See generally* ECF No. 16-3 at 57–60.)  Second, Petitioner asserts his counsel lacked sufficient time to file evidence in support of his release. (Reply at 5.)  However, Petitioner has not identified for either the Immigration Judge or this Court what additional evidence Petitioner would have presented that was not in the record.  The Court finds that, without identifying how the Immigration Judge's decision was adversely affected by the failure to provide Petitioner's counsel with greater notice, Petitioner is not entitled to additional relief. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008) (holding petitioner

---

[1] Although page citations normally refer to the page number on of the original document, doing so here could cause confusion.  Therefore, citations to pages within this document refer to the page numbers in the electronic copy filed on CM/ECF.

was "not entitled to habeas relief, because he cannot show that the alleged due process violation adversely affected the IJ's determination that he was eligible for bond").

However, the fact that the Immigration Judge did not rely on the newly submitted evidence in denying relief may ultimately support Petitioner's claims. Petitioner's counsel appears to have argued at Petitioner's January bond hearing that, if the Immigration Judge denied bond when the prior Immigration Judge had granted it, such a decision would be arbitrary and capricious in violation of the Administrative Procedure Act. (ECF No. 16-3 at 46.) The Immigration Judge nonetheless deemed Petitioner both a danger and flight risk. In making these determinations, the Immigration Judge did not rely on any new or different evidence than that presented at the September bond hearing. Instead, the Immigration Judge in the January hearing explicitly stated that the "issues have not changed, apparently, since the same arguments were made to me that were made on the prior bond hearing as to flight and danger. Nothing new under the sun." (ECF 16-3 at 58 n.1.) This Court previously warned that "failure to issue a decision on substantially similar terms" might "violate some other provision of law, such as the Administrative Procedure Act." (Order at 2–3.) However, as Petitioner has not raised this issue in the briefing before the Court, this matter is referred to the assigned Magistrate Judge for further proceedings.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. In accordance with this Court's prior order (ECF No. 10), Petitioner's detention is governed by 8 U.S.C. § 1226(a).

2. Petitioner's request for a preliminary injunction ordering his release (ECF No. 14) is DENIED.

////

////

////

4

3.  This matter is REFERRED to the assigned Magistrate Judge for all further pretrial proceedings.

IT IS SO ORDERED.

Dated:   **June 5, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Perez26cv00277.mte

5