UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ANTONIO RAMIREZ PEREZ, A-232-561-862,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-00277-DJC-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds on a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 22.) Respondents filed an opposition to the petition. (ECF No. 24.) Petitioner filed a traverse. (ECF No. 25.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1) and the court's order dated June 5, 2026. (ECF No. 20.) For the following reasons, the undersigned recommends the petition be granted and petitioner be immediately released from custody.

**I. Background**

Petitioner was born in Venezuela and entered the United States without inspection in April 2023. (ECF No. 22, ¶¶ 1, 22.) Under the petition's factual allegations, which are not disputed by respondents, petitioner filed for asylum affirmatively with U.S. Citizenship and Immigration Services ("USCIS") on April 30, 2023, with the assistance of a preparer. (Id., ¶ 22.) Due to the

preparer incorrectly listing the city of petitioner's residence, and due to petitioner moving and not changing his address with immigration officials, he did not receive notice of his asylum interview and failed to appear for a hearing. (Id., ¶¶ 22-24.)

Department of Homeland Security (DHS) officials arrested and detained petitioner June 21, 2025, in a Target parking lot in Hayward, California, more than two years after he entered the country. (ECF No. 22, ¶ 26.) The arrest was without a warrant. (Id.) Petitioner has been detained continuously since that date.

On September 4, 2025, represented by counsel, petitioner appeared for a bond hearing before an Immigration Judge (IJ), who granted a $12,000 bond. (ECF No. 22, ¶ 30.) On the same day, the government filed a notice of automatic stay with the Board of Immigration Appeals (BIA) pursuant to 8 C.F.R. § 1003.19(i)(2), which prevented petitioner from posting bond. (Id., 31.) The next day, the BIA issued Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), holding IJs have no authority to consider bond requests for any person who entered the United States without admission. (Id., ¶ 32.)

On September 9, 2025, DHS filed a motion to reconsider before the IJ, challenging petitioner's grant of bond based on Matter of Yajure Hurtado. (ECF No. 22, ¶ 33.) On September 11, 2025, the IJ granted DHS's motion to reconsider and reversed the earlier decision, denying petitioner bond due to a lack of jurisdiction. (Id., ¶ 34.)

On October 7, 2025, an IJ found petitioner removable and denied his application for asylum, withholding, and protection under the Convention Against Torture, and ordered him removed to Venezuela. (Id., ¶ 35.) Petitioner filed an appeal with the BIA, which remains pending, with briefing due July 2, 2026. (Id., ¶ 36.)

On January 13, 2026, petitioner filed a habeas petition in this court challenging his immigration detention and a motion for temporary restraining order (TRO). (ECF Nos. 1, 4.) On January 26, 2026, the district judge assigned to this case granted the TRO motion and ordered that petitioner be provided a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond is considered, and at which petitioner may have his counsel present. (ECF No. 10 at 4.)

On January 28, 2026, petitioner appeared with counsel before an IJ who denied petitioner's request for a continuance and proceeded to hold the bond hearing, and denied bond, determining petitioner posed a flight risk and danger to the community. (ECF No. 22, ¶ 40.) New evidence in the form of a nine-page report by DHS was submitted but not relied on by the IJ. (ECF No. 14 at 2; ECF No. 16 at 6.)

After the 2026 bond hearing, the parties submitted additional briefing on whether petitioner and his counsel received adequate notice of the bond hearing and opportunity to review the new evidence. (ECF Nos. 15, 16, 17.) On June 5, 2026, the district judge assigned to this case denied petitioner's request for a preliminary injunction that would order petitioner's release, finding petitioner had not shown the new evidence affected the IJ's decision and had not identified what additional evidence would have been presented. (ECF No. 20 at 3.)

On June 25, 2026, petitioner filed the first amended petition now before the court containing additional claims for relief not previously presented. (ECF No. 22.) The first amended petition brings five claims as follows: Violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A) based on the agency changing course without explaining or providing adequate reasons (Count I); Violation of the Administrative Procedures Act, 5 U.S.C. § 706(2)(A) based on failure to assess petitioner's "reliance interests" (Count II); Violation of Procedural Due Process based on lack of a pre-deprivation hearing (Count III); Violation of the INA because issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a) (Count IV); and Violation of Substantive Due Process based on detention that is excessive in relation to the government's interest because an IJ determined petitioner does not pose a danger or unmitigable flight risk (Count V). Petitioner seeks immediate release from custody and requests reasonable attorneys' fees and costs. (Id. at 18.)

Respondents oppose the petition, acknowledging 8 U.S.C. § 1226(a) controls, as already established in this case. (ECF No. 24 at 1.) Respondents argue (1) the APA claims fails because the IJ's decision is not final agency action and because the IJ at the 2026 bond hearing applied the correct burden and explained reliance on admitted conduct (id. at 3-4); (2) the due process claims fail because the court has already found the denial of a continuance did not prejudice the outcome

of the 2026 bond hearing (id. at 4-5); and (3) petitioner was appropriately arrested without a warrant under 8 U.S.C. § 1357(a)(2) and the bond hearing already held is adequate due process (id. at 3-5).

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. Discussion

### A. Claims under the APA

Under the APA, a reviewing court shall "hold unlawful and set aside agency action[s], findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Review under this standard is "searching and careful," but also "narrow." Marsh v. Oregon Natural Res. Council, 490 U.S. 360, 378 (1989). The court's role is "not to substitute its judgment for that of the agency," but rather to examine whether there is a "rational connection between the facts found and the choice made" by the agency. Nw. Envtl. Def. Ctr. v. Bonneville Power Admin., 477 F.3d 668, 687 (9th Cir. 2007) (quoting Motor Vehicle Mfgs. Ass'n v. State Farm Mutual Auto. Ins. Co., 463 U.S. 29, 43 (1983)). The agency must "cogently explain why it has exercised its discretion in a given manner," State Farm, 463 U.S. at 48, and the reviewing court must determine "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment." Id. at 43 (quoting Bowman Transp., Inc. v. Ark.-Best Freight Sys., 419 U.S. 281, 285 (1974)).

Relevant here, the IJ was not required to demonstrate the reasons for reaching a different conclusion were "better than the reasons for the old one[.]" See generally F.C.C. v. Fox Television Stations, Inc., 556 U.S. 502, 515 (2009) ("[an agency] need not demonstrate to a

court's satisfaction that the reasons for the new policy are better than the reasons for the old one; it suffices that the new policy is permissible under the statute, that there are good reasons for it, and that the agency believes it to be better, which the conscious change of course adequately indicates"). The IJ's different decision, or change in course, was supported by a cogent explanation. (ECF No. 16-3 at 57-60.) The IJ grounded the conclusion on the factual finding that when officers attempted to detain petitioner, he struggled and attempted to escape. (Id. at 59.) The IJ found petitioner "quite literally tried to flee his own arrest in this case" and found that "struggling or fighting with authorities is dangerous." (Id.) The IJ's conclusion appears to be based on consideration of the relevant factors and does not appear to be based on a clear error of judgment. Petitioner does not demonstrate entitlement to relief on the first claim for relief under the APA.

The undersigned also finds unpersuasive petitioner's second claim for relief under the APA, based on the decision and rationale in Ramirez-Morales v. Lyons, No. EP-25-CV-00476-DCG-RFC, 2025 WL 4057146, at *3 (W.D. Tex. Nov. 21, 2025), report and recommendation adopted as modified, No. EP-25-CV-00476-DCG-RFC, 2025 WL 3767065 (W.D. Tex. Dec. 30, 2025). Just as the IJ was not required to demonstrate to this court's satisfaction the new bond decision was better reasoned than the initial bond decision, the IJ was not required to explicitly state the IJ had considered petitioner's "reliance interests" on the old decision. The fact that the IJ did not discuss any "reliance interests" of petitioner's does not mean the IJ failed to consider relevant factors. See generally Cole v. Holder, 659 F.3d 762, 771 (9th Cir. 2011) ("That is not to say [the IJ] must discuss each piece of evidence submitted. When nothing in the record or the [IJ's] decision indicates a failure to consider all the evidence, a general statement that [the IJ] considered all the evidence ... may be sufficient." (quotation marks and citation omitted)); Perez v. Wolf, 445 F. Supp. 3d 275, 290 (N.D. Cal. 2020) ("The fact that the IJ did not mention the evidence specifically in her decision does not overcome the presumption that the IJ satisfied the due process requirement to consider such evidence.") Accordingly, petitioner is not entitled to relief under the APA.

////

**B. Violation of the INA**

Petitioner demonstrates entitlement to relief based on his claim asserting a violation of the INA. The parties agree the applicable detention authority is 8 U.S.C. § 1226 and agree petitioner was arrested without a warrant.

Under the INA, an ICE officer has probable cause to arrest under the detention authority of 8 U.S.C. § 1226 only when that officer "has reason to believe" that the individual "is in the United States in violation of [the immigration laws]" and "is likely to escape before a warrant can be obtained for his arrest[.]" 8 U.S.C. § 1357(a)(2); 8 C.F.R. § 287.8(c)(2)(ii))). "The language of § 1226(a)'s warrant requirement is unequivocal." C.C. v. Warden of Golden State Annex Det. Facility, No. 1:26-CV-01623-TLN-SCR, 2026 WL 878601, at *2 (E.D. Cal. Mar. 31, 2026). "Numerous courts have held… that respondents' failure to comply with [the warrant requirement in § 1226(a)] reflects a violation of the statute entitling the noncitizen to immediate release." Kumar v. Noem, No. 1:26-CV-00601-DC-EFB (HC), 2026 WL 1949001, at *3 (E.D. Cal. July 6, 2026), report and recommendation adopted sub nom. SANJEEV KUMAR (A-213-145-203), Petitioner, v. KRISTI NOEM, et al., Respondents., No. 1:26-CV-00601-DC-EFB (HC), 2026 WL 2086011 (E.D. Cal. July 20, 2026); see also Mayen v. Warden, California City Det. Ctr., No. 1:26-CV-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026) (ordering the petitioner's immediate release where there was no evidence the government issued a warrant under § 1226(a) and respondents did not suggest any other detention authority applied).

Here, respondents argue the officials were entitled to arrest petitioner without a warrant under 8 U.S.C. § 1357(a)(2) because petitioner was "likely to escape before a warrant can be obtained for his arrest[.]" (ECF No. 24 at 5.) Respondents argue petitioner acknowledged the officials were clearly identified as ICE agents and that once in the vehicle petitioner resisted and kept taking off his seatbelt. (Id.)

The facts advanced by respondents do not satisfy the "likely to escape condition" of 8 U.S.C. § 1357(a)(2). The INA and its implementing regulations require that ICE officers make a "particularized inquiry" that the noncitizen is likely to abscond prior to the warrantless arrest in order for this condition to apply. M-J-M-A- v. Hermosillo, 822 F. Supp. 3d 1147, 1172 (D. Or.

2026) (citing 8 C.F.R. § 287.8(c)(2)(ii); see also B.D.A.A. v. Bostock, No. 6:25-CV-02062-AA, 2025 WL 3484912, at *8 (D. Or. Dec. 4, 2025). This requirement "is not mere verbiage." Ramirez Ovando v. Noem, 810 F. Supp. 3d 1209, 1217 (D. Colo. 2025); see also United States v. Cantu, 519 F.2d 494, 496-97 (7th Cir. 1975) (stating the "likelihood of escape" limitation "is always seriously applied").

The facts advanced by respondents involve petitioner's conduct during or after the arrest. The narrative in petitioner's Form I-213 states he began resisting after he was told he was under arrest. (ECF No. 25-1 at 9.) There is no evidence or suggestion that the ICE officers made any determinations about petitioner's likelihood of escape before initiating his warrantless arrest. To the contrary, petitioner's Form I-213 states petitioner "came to the attention of ICE pursuant to a lead received by U.S. Citizenship and Immigration Services" (ECF No. 25-1 at 9), suggesting ICE had the time and information to obtain a warrant, but instead proceeded to arrest him without a warrant.

Accordingly, respondents violated § 1226(a) of the INA by arresting petitioner without a warrant. The appropriate remedy in this case would be petitioner's immediate release. Ordering his release would afford the full scope of relief requested for petitioner, and the court need not analyze each of his remaining claims for relief in the first amended petition.

**IV. Recommendation**

For the reasons set forth above**,** IT IS RECOMMENDED as follows:

1. Petitioner's request for attorneys' fees be denied without prejudice to renewal in a properly supported motion.
2. The court grant petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241.
3. Respondents be ordered to RELEASE petitioner IMMEDIATELY under the same conditions he was subject to immediately prior to his detention on June 21, 2025.
4. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide 7 days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at

which petitioner's eligibility for bond must be considered.

5. The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 rami0277.mer